IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00153-MR
(CRIMINAL CASE NO. 1:08-cr-00056-MR-1)

| | |
|---|---|
| RANDALL CORNETTE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255 [Doc. 1] and the Government's Motion to Dismiss and Response to Petitioner's Motion to Vacate [Doc. 7]. The Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

The Petitioner challenges his sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as an armed career criminal because he does not have three prior convictions for violent felonies or serious drug offenses within the meaning of the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e). For the reasons that follow, the motion to vacate is denied.

**I.    BACKGROUND**

On June 3, 2008, the Petitioner was charged in a Bill of Indictment with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Crim. Case No. 1:08-cr-00056 ("CR"), Doc. 1: Indictment]. The Petitioner subsequently pleaded guilty to this charge pursuant to a written plea agreement with the Government. [CR Doc. 12: Plea Agreement].

In the Petitioner's presentence report ("PSR"), the probation officer identified the following predicate convictions under the ACCA: (1) three 1976 convictions in Georgia for burglary, which were consolidated for sentencing; (2) a 1979 conviction in North Carolina for breaking or entering; (3) two 1986 convictions in North Carolina for felony possession with intent to manufacture, sell, or deliver cocaine, and felony sell or deliver cocaine, which were consolidated for sentencing; and (4) a 1989 conviction in North Carolina for breaking or entering. [CR Doc. 16 at ¶¶ 25, 36, 37, 41, 42]. In part based on a cross-reference to the attempted-murder guideline, U.S.S.G. § 2A2.1, the probation officer calculated a total offense level of 32 and a criminal history category of VI, yielding an applicable Sentencing Guidelines range of between 210 and 262 months' imprisonment. [Id. at ¶¶ 19, 27, 53, 91]. The

presiding judge, the Honorable Lacy H. Thornburg, adopted the PSR and sentenced Petitioner to 220 months' imprisonment. [CR Doc. 18: Judgment].

The Petitioner appealed to the Fourth Circuit Court of Appeals. While this matter was on appeal, Judge Thornburg retired and this matter was reassigned to the undersigned. In September 2010, the Fourth Circuit vacated the judgment and remanded for resentencing on the grounds that Judge Thornburg had failed to provide adequate reasons for the chosen sentence. United States v. Cornette, 396 F. App'x 8, 9 (4th Cir. 2010). On remand, this Court imposed the same 220-month term of imprisonment. [CR Doc. 42: Amended Judgment].

The Petitioner did not appeal the amended judgment, but on April 18, 2011, he filed a motion to vacate under 28 U.S.C. § 2255, raising a number of ineffective assistance of counsel claims. [Civil Case No. 1:11-cv-00092, Doc. 1]. This Court denied and dismissed the Petitioner's motion to vacate on August 20, 2014. [Id., Doc. 9].

On June 6, 2016, the Fourth Circuit granted authority for the Petitioner to file a successive motion to vacate to raise a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). [CR Doc. 52-2]. That same day, the Petitioner filed the present motion to vacate, arguing that he was improperly sentenced as an armed career criminal. Specifically, the Petitioner contends

that his prior 1976 conviction for burglary in Georgia no longer qualifies as a "crime of violence" in light of Johnson.  He further contends that his 1986 convictions in North Carolina for possession with intent to manufacture, sell, or deliver cocaine and felony sell or deliver cocaine are not "serious drug offenses" because they are no longer considered felonies under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

The Government filed a motion to dismiss on September 16, 2016. [Doc. 7].  In its motion, the Government contends that Petitioner waived in his plea agreement the right to bring his Johnson claim and that his claim fails on the merits because he still has three or more qualifying predicate convictions under the ACCA, even after Johnson.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory minimum term of fifteen years' imprisonment for any defendant convicted of 18 U.S.C. § 922(g) and who has three prior convictions for either a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).

As noted above, the Petitioner had five prior convictions that were found to qualify as predicate offenses, including a 1976 conviction for burglary in Georgia (three counts, all on the same occasion); two convictions in North Carolina for breaking or entering (1979 and 1989), and two 1986 convictions in North Carolina for felony possession with intent to manufacture, sell, or deliver cocaine, and felony sell or deliver cocaine. The Petitioner does not contest the characterization of two of these predicate offenses, namely, his two North Carolina breaking or entering convictions, as "crimes of violence" under the ACCA. Indeed, the Fourth Circuit Court of Appeals has held that North Carolina breaking or entering falls within the definition of "generic burglary" and thus constitutes a "crime of violence" under the ACCA. United States v. Mungro, 754 F.3d 267, 272 (4th Cir.), cert. denied, 135 S. Ct. 734 (2014). Thus, the Petitioner requires only one more valid predicate conviction to qualify as an armed career criminal.

The Eleventh Circuit Court of Appeals recently has concluded that the Georgia burglary statute is divisible. See United States v. Gundy, 842 F.3d 1156 (11th Cir. 2016), cert. denied, 2017 WL 1301351 (Oct. 2, 2017). At least two of the Petitioner's Georgia convictions were for burglary of a "dwelling house." [See Doc. 7-1 at 1, 5]. In Gundy, the Eleventh Circuit concluded that the elements of burglary of a dwelling house under Georgia law has elements that "substantially conform to the generic definition of burglary." Id. at 1169. Accordingly, the Petitioner's Georgia burglary convictions also constitute violent felonies under the ACCA's enumerated crimes clause.[1]

In light of the above, the Petitioner has at least four valid predicate convictions under the ACCA. Accordingly, the Petitioner's motion to vacate is denied.[2]

---

[1] The Petitioner points out in his petition that the Georgia burglary statute was amended in 2012. Gundy, however, decided this issue with regard to the statute that was in effect from 1980 to 2012, Gundy, 842 F.3d at 1164 n.3, the same one that supported the Petitioner's conviction.

[2] In addition, even if the Petitioner's Georgia convictions were infirm ACCA predicates, the Petitioner's North Carolina convictions for felony possession with intent to manufacture, sell, or deliver cocaine, and felony sell or deliver cocaine would remain as "serious drug offenses" under the ACCA. The Petitioner argues that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), this would no longer be correct. However, any claim that the Petitioner could have asserted under Simmons is time-barred. The Petitioner was re-sentenced in March 2011, and he did not file a direct appeal. He did, however, file a § 2255 petition challenging that judgment, which was pending when Simmons was decided. But he never asserted a Simmons claim. The present action was filed more than two years after that earlier § 2255 petition was

## IV. CONCLUSION

For the reasons stated herein, the Court grants the Government's motion to dismiss and denies the Petitioner's motion to vacate.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong). In the face of the Eleventh Circuit precedent construing the Georgia offense in question, together with there being an alternate non-constitutional basis for upholding the result, the Court finds that reasonable jurists would not find the point raised by the Petitioner to be debatable.

---

dismissed. Notably, the Petitioner did not seek authorization to file a second or successive § 2255 motion to raise this Simmons issue.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 7] is **GRANTED**; the Petitioner's Motion to Vacate [Doc. 1] is **DENIED**; and this case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 20, 2017

Martin Reidinger
United States District Judge